FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AEROTEK, LLC., | No. 2:25-cv-00437-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT |
| vs. | |
| HYDRAFAB NORTHWEST, INC., | **ECF No. 9** |
| Defendant. | |

Before the Court is Plaintiff's Motion for Default Judgment.  ECF No. 9.  The Court has reviewed the record and is fully informed.  Defendant has not appeared or otherwise participated in this action, nor has Defendant responded to the Order of Default issued by the Clerk of Court on January 27, 2026.  ECF No. 8.  For the reasons discussed below, the Court grants the motion.

## BACKGROUND

### A. Factual Background

The following facts are taken from Plaintiff's Complaint ECF No. 1, and Plaintiff's motion, ECF No. 9.

Plaintiff is a Maryland-based company.  ECF No. 1 at 1 ¶ 1.  Defendant is a

ORDER - 1

Washington-based company with a principal place of business in Spokane Valley, Washington. *Id.* at 2 ¶ 2. Plaintiff and Defendant executed a Services Agreement regarding supplemental staffing services, on August 18, 2023. *Id.* at 3 ¶ 9; *see* ECF No. 1-1.

Pursuant to the Services Agreement, Plaintiff agreed to provide personnel to Defendant to "provide…services under [Defendant's] management and supervision." ECF No. 1 at 3 ¶ 11; *see* ECF No. 1-1 at 1. In exchange, Defendant would pay Plaintiff for "services rendered by contract employees based on invoices that [Plaintiff] submitted to [Defendant] on a weekly basis." *Id.* at 3 ¶ 10; *see* ECF No. 1-1 at 1 ¶ 4. Defendant failed to pay Plaintiff for certain services provided between October 2024 through February 2025.

Pursuant to the Services Agreement, Defendant agreed that invoices submitted by Plaintiff were presumed to be accurate and fully payable on the terms contained therein unless timely disputed. *Id.* at 4 ¶ 14. The Services Agreement further provides that invoices that are fifteen days past due are subject to a late charge of one percent per month on the amount of the past due balance. *Id.* at 4 ¶ 15; *see* ECF No. 1-1 at 1 ¶ 5. In the event of default, the Services Agreement provides that Defendant shall pay all expenses incurred by Plaintiff to collect the debt. ECF No. 1 at 4 ¶ 16; *see* ECF No. 1-1 at 2 ¶ 7.

Plaintiff attempted to recover payment for the outstanding balance for staffing

ORDER - 2

services provided by executing a promissory note ("the Note") with Defendant on February 7, 2025. ECF No. 1 at 5 ¶ 21. The Note contained a principal balance of equal to or greater than $134,978.67, plus any amount billed for temporary staffing services on or after the date of the Note. *Id.*; *see* ECF No. 1-2. The Note set a payment schedule from February 19, 2025, through June 2, 2025, dividing the total balance into smaller payments. *Id.* at 5 ¶ 22; *see* ECF No. 1-2. Pursuant to the Note, Defendant agreed to complete payment for the total outstanding balance and interest, plus any amount billed for temporary staffing services on or after the date of the Note, by June 2, 2025, or until the balance was paid in full. *Id.* at 5-6 ¶ 24.

The Note provides that Defendant has three business days following receipt of the written notice by Plaintiff to cure any default, and a "late charge" equal to five percent of the amount then payable under the Note is applied if such payment is made more than five days after the appropriate due date. *Id.* at 6 ¶¶ 25-26. Defendant agreed that if a payment and late charge are not made within thirty days of its due date, the overdue payment shall bear interest at the rate of 1.5% per month until the payment is paid in full. *Id.* at 6 ¶ 26. Defendant also agreed to pay all reasonable costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff to enforce the Note. *Id.* at 6 ¶ 27. If the Note was not paid within five days or in the event of a default, Defendant authorized entry, in any court of competent jurisdiction, of a judgment by confession against Defendant and in favor of Plaintiff

ORDER - 3

for the entire principal amount of the Note then remaining unpaid with interest, together with "attorney's fees of ten percent (10%) of the principal and interest," and court costs. *Id.* at 6 ¶ 28; *see* ECF No. 1-2.

Since June 2025, Defendant has failed to pay Plaintiff under the terms of the Note. ECF No. 1 at 7 ¶ 30. At the time of the filing of the Complaint, Defendant had failed to pay down the balance on its credit line, owing a principal balance of $110,148.35 under the Note. *Id.* at 8 ¶ 36.

After Plaintiff initiated this action, Defendant's Chief Financial Officer, Paul Malen, contacted Plaintiff on December 10, 2025, to discuss resolving the dispute through a proposed payment plan. ECF No. 9 at 5 ¶ 16. Defendant communicated that it was in the process of obtaining a Small Business Administration ("SBA") loan and asked that Plaintiff forebear from default proceedings until the SBA loan had been approved. *Id.* at 6 ¶ 17. Defendant then made two payments, totaling $20,000. *Id.* at 6 ¶ 18. However, Plaintiff informed Mr. Malen that these payments were not sufficient and advised him that Defendant would need to agree to a weekly payment schedule to avoid default proceedings. *Id.* Defendant failed to provide confirmation of the SBA loan approval, submit a proposed payment plan, and make payments necessary to cure default. *Id.* at 6 ¶ 19.

Accounting for all payments, credits, and lawful setoffs, Plaintiff alleges that Defendant owes Plaintiff a principal balance of $114,978.67 in unpaid invoices, and

ORDER - 4

$15,856.03 in contractual monthly late charges and interest.  ECF No. 9 at 6-7.

Plaintiff's Complaint asserts two claims: for breach of contract and, in the alternative, for unjust enrichment.  ECF No. 1 at 8-10.

**B. Procedural History**

Plaintiff filed the Complaint on October 31, 2025.  ECF No. 1.  Proof of service of the Complaint was filed on November 7, 2025.  ECF No. 5.  After Defendant failed to respond to the Complaint, Plaintiff served its notice of intent to move for default on Defendant on December 1, 2025.  ECF No. 7 at 7.  On January 26, 2026, Plaintiff filed a Motion for Entry of Default.  ECF No. 6.  The Clerk entered an Order of Default on January 27, 2026.  ECF No. 8.  On February 26, 2026, Plaintiff filed the instant motion.  ECF No. 9.

**DISCUSSION**

Plaintiff moves for default judgment on its breach of contract claim, seeking actual damages in the amount of $130,834.70, representing $114,978.67 in unpaid invoices and $15,856.03 in contractual late fees/interest, attorneys' fees and costs, and post judgment interest.  ECF No. 9 at 16.

**A. Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the

ORDER - 5

power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

### 1. Subject Matter Jurisdiction

Subject matter jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff is a Maryland corporation with its principal place of business in Hanover, Maryland. ECF No. 1 at 1 ¶ 1. Defendant is a corporation organized under the laws of the State of Washington with a principal place of business in Spokane Valley, Washington. *Id.* at 2 ¶ 2. As such, there is complete diversity among the parties. *See Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff alleges actual damages totaling $130,834.70, plus, among other things, fees and costs. ECF No. 1 at 9 ¶ 44; ECF No. 9 at 2. From these facts, the amount in controversy plausibly exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that the amount in controversy requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### 2. Personal Jurisdiction

The Court finds an adequate basis to exercise personal jurisdiction over Defendant, as it is domiciled in Washington. ECF No. 1 at 2 ¶¶ 3-4. Further, venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as Defendant resides within this district and this case concerns a contractual dispute arising from staffing services that were rendered within this district. *Id.* at 2 ¶ 4.

ORDER - 6

**B. Procedural Requirements**

The process for obtaining a default judgment is set forth in Fed. R. Civ. P. 55(b) and LCivR 55(b).  The Court is satisfied that Plaintiff has complied with these procedural requirements.  In particular, the Court notes that Plaintiff's counsel previously submitted a declaration on January 26, 2026, that complies with the requirements of LCivR 55(b)(1)(A)-(B).  ECF No. 7.

**C. Substantive Requirements: *Eitel* Factors**

Upon default, the Court assumes that the well-pleaded allegations in the complaint are true, except those relating to the amount of damages.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  The Court considers seven factors in exercising its discretion to enter a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

*1. Possibility of Prejudice*

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no

ORDER - 7

recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). Plaintiff filed the Complaint on October 31, 2025, 4 months ago. ECF No. 1. Defendant has had ample opportunity to respond or otherwise participate in the litigation. Under these circumstances, Plaintiff will be prejudiced if it is not permitted to proceed against Defendant by way of default judgment. The first *Eitel* factor weighs in favor of default judgment.

### 2. Merit of Claims and Sufficiency of the Complaint

The second and third factors are often weighed together, *see Curtis*, 33 F. Supp. 3d at 1211, and favor a default judgment when the "allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff has alleged specific and detailed facts in its Complaint that support the merits of its breach of contract claim. The second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake

"Default judgment is disfavored if the sum of money at stake is completely disproportionate or inappropriate" in relation to the seriousness of a defendant's conduct. *Hygenix, LLC v. Xie*, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (citation and quotation marks omitted). Plaintiff calculates the sum of damages at

ORDER - 8

$130,834.70.  ECF No. 9 at 13.  "While a large sum of money weighs in favor of a decision on the merits," where, as here, "the amount directly relates to and flows from the [Defendant's] breach … with no contradictory evidence … the fourth [*Eitel*] factor weighs in favor of default judgment."  *Red Lion Hotels Franchising, Inc. v. Dumon*, 2021 WL 1269120, at *3 (E.D. Wash. Apr. 6, 2021).  The fourth *Eitel* factor weighs in favor of default judgment.

*4. Possibility of a Dispute Concerning Material Facts*

Where no dispute has been raised, the likelihood that any such dispute exists is remote.  *See Brow Room v. Med. Laser Experts, LLC*, 2021 WL 5830023, at *2 (E.D. Wash. Dec. 8, 2021).  There is no information before the Court that supports the possibility of a dispute concerning the terms of the contract and the amount owed by Defendant.  This factor weighs in favor of default judgment.

*5. Excusable Neglect*

"Generally, courts do not find excusable neglect when defendants were properly served with the complaint."  *BMO Bank N.A. v. Raiden, LLC*, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted).  Defendant was served with the Complaint on November 3, 2025.  ECF No. 5.  Defendant has not appeared in this lawsuit, opposed the motion, or sought vacatur of the default.  There is no indication that Defendant's default is due to excusable neglect.  Accordingly, this factor weighs in favor of default judgment.

ORDER - 9

*6. Policy Consideration*

Last, the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). While this factor inherently weighs against default judgment, "the mere existence of" Fed. R. Civ. P. 55(b) "indicates that this *Eitel* factor is not alone dispositive." *Curtis*, 33 F. Supp. 3d at 1213 (quoting *Microsoft Corp. v. Lopez*, 2009 WL 959219, at 3 (W.D. Wash. Apr. 7, 2009)) (quotation marks and alteration omitted). "[W]here a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Defendant's failure to participate in this litigation has made a decision on the merits impossible. The final *Eitel* factor weighs in favor of default judgment.

In sum, the *Eitel* factors weigh in favor of granting default judgment.

**D. Damages**

"It is well settled that a default judgment for money may not be entered without a hearing unless the amount claims is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). The Court finds Plaintiff has proved its damages with sufficient certainty. Plaintiff

ORDER - 10

properly supported its evidence of damages through a declaration specifying how damages were computed. ECF No. 9-1; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). The Court thus finds good cause to award the requested damages.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Default Judgment, **ECF No. 9,** is **GRANTED**.

2.    **DEFAULT JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff. Judgment is awarded to Plaintiff against Defendant in the amount of **$130,834.70**, with the applicable post-judgment statutory interest rate. *See* 28 U.S.C. § 1961(a).

3.    Upon proper presentation, Plaintiff may move for an award of costs and attorneys' fees.

**IT IS SO ORDERED.** The Clerk of Court is directed to file this order and **CLOSE THE FILE**.

DATED March 16, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 11